```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 1-5-2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

 - against -

ENRICA COTELLESSA-PITZ,

     Defendant.
------------------------------------------------------------------x

11 Civ. 9302 (LTS)

## FINAL JUDGMENT AS TO ENRICA COTELLESSA-PITZ

The Securities and Exchange Commission ("Commission"), having filed a Complaint against Enrica Cotellessa-Pitz ("Defendant") in this matter on December 19, 2011; Defendant having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; and Defendant having consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined while operating as a broker or dealer, or in concert with such broker or dealer, (a) from failing to make and/or maintain on such broker's or dealer's premises, or keep accurate, books and records required by law, including, but not limited to, ledgers, blotters and journals; and (b) when subject to an examination under Section 17(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78q(b)], from failing to produce true, complete,

and current copies of records requested by representatives of the Commission, in violation, or aiding or abetting a violation, of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rules 17a-3 and 17a-4 thereunder [17 C.F.R. § 240.17a-3 and Rule 17a-4].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined while operating as an investment adviser, or acting in concert with such an investment adviser, and making use of the mails or of any means or instrumentality of interstate commerce in connection with his or its business as an investment adviser, from failing to make and/or maintain on such investment adviser's premises, or keep accurate, books and records required by law, including, but not limited to, ledgers, blotters and journals, in violation, or aiding and abetting a violation, of Section 204 of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently enjoined while operating as a broker or dealer, or in concert with such broker or dealer, from filing false and/or misleading reports with the Commission, any national securities exchange, or any registered national securities association, in violation, or aiding and abetting a violation, of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-5 thereunder [17 C.F.R. § 240.17a-5].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement and prejudgment interest totaling $97.3 billion. This disgorgement and prejudgment interest shall be deemed satisfied by the forfeiture ordered against Defendant in United States v. Cotellessa-Pitz, S5 10 Cr. 228 (LTS) (S.D.N.Y.).

3

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no civil penalty shall be ordered against Cotellessa-Pitz in this civil action, based on Defendant's criminal conviction, forfeiture order and sentence in United States v. Cotellessa-Pitz, S5 10 Cr. 228 (LTS)(S.D.N.Y.).

## VI.

**IT IS FURTHER ORDERED** that the Consent of Defendant Enrica Cotellessa-Pitz filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: January 5, 2016

_____
UNITED STATES DISTRICT JUDGE

## CONSENT OF ENRICA COTELLESSA-PITZ

1.  Defendant Enrica Cotellessa-Pitz ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant acknowledges that a judgment of conviction was entered against her, adjudicating her guilty on, among other things, one count of conspiracy, one count of falsifying the records of a broker-dealer in violation of Section 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78q(a)], one count of falsifying the records of an investment adviser in violation of Section 204 of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-4], and one count of false filings with the Commission in violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] in United States v. Cotellessa-Pitz, 10 CR 228 (LTS).

3.  Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violating Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rules 17a-3, 17a-4, and 17a-5 thereunder [17 C.F.R. §§ 240.17a-3, 240.17a-4 and 240.17a-5], and Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2].

4.  Defendant acknowledges that she is liable for disgorgement and prejudgment interest totaling $97.3 billion. This disgorgement and prejudgment interest shall be deemed satisfied by the forfeiture ordered against Defendant in United States v. Cotellessa-Pitz, S5 10 Cr. 228 (LTS) (S.D.N.Y.).

5. Defendant acknowledges that no civil penalty shall be ordered against her in this civil action, based on Defendant's criminal conviction, forfeiture order and sentence in United States v. Cotellessa-Pitz, S5 10 Cr. 228 (LTS) (S.D.N.Y.).

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and appeal from the entry of the proposed Final Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related

3

conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/11/15

Enrica Cotellessa-Pitz

On 11/11, 2015, Enrica Cotellessa-Pitz, a person known to me, personally appeared before me and acknowledge executing the foregoing Consent.

Notary Public
Commission expires:

LUSI VANASELJA
Notary Public, State of New York
No. 01VA6060680
Qualified in Queens County
Commission Expires August 13, 20_19

Approved as to form:

David Rody, Esq., as Attorney for Enrica Cotellessa-Pitz
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

5